Filed 1/6/14  P. v. Ramirez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ADAM JOSE RAMIREZ et al.,<br><br>Defendants and Appellants. | C073795<br><br>(Super. Ct. Nos. LF013235A<br>& LF013235B) |

The appointed attorneys for defendants Adam Jose Ramirez and Victor Alvarado separately asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant Alvarado, we will affirm the judgment as to him.  But our review of the record indicates that defendant Ramirez is entitled to an additional actual day of presentence credit.  Thus, as to defendant Ramirez, we will modify the judgment and affirm the judgment as modified.

1

I

Defendants, documented Norteño gang members, approached two other men in front of an apartment complex in Lodi.  Defendant Alvarado pointed a firearm at the victims; defendant Ramirez took $400 from one victim and $40 from the other victim.

Defendants pleaded guilty to two counts of second degree robbery (Pen. Code, § 211 -- counts 1 and 2) and admitted a gang enhancement (Pen. Code, § 186.22, subd. (b)(1)(C)) and firearm enhancements (Pen. Code, §§ 12022, subd. (a)(1), 12022.5, subd. (a)) in exchange for an aggregate prison sentence of 17 years.  For defendant Ramirez, the aggregate sentence consisted of the upper term of five years on count 1, a consecutive 10-year term for the gang enhancement, a consecutive one-year term for the firearm enhancement, and a consecutive one-third the midterm, or one year, on count 2.  For defendant Alvarado, the aggregate prison sentence consisted of the midterm of three years on count 1, a consecutive 10-year term for the gang enhancement, a consecutive three-year term for the firearm enhancement, and a consecutive one-third the midterm, or one year, on count 2.

The trial court sentenced defendants pursuant to their negotiated pleas and stipulated sentences and denied their requests for certificates of probable cause (Pen. Code, § 1237.5).

II

Appointed counsel for each defendant filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra,* 25 Cal.3d 436.)  Defendants were advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.  More than 30 days elapsed and we received no communication from either defendant.

Our review of the record indicates that appointed counsel for defendant Alvarado sought and obtained a modification of presentence custody credit to reflect the correct

calculation of 344 actual days rather than 343 days. When added to the 51 conduct days, the new total is 395 days of presentence custody credit. The trial court prepared an amended abstract of judgment for defendant Alvarado. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant Alvarado.

Defendant Ramirez was in custody for the same period of time as defendant Alvarado, and he is also entitled to an additional day of actual credit. But his appointed counsel did not seek the extra day of credit. We will modify the judgment for defendant Ramirez to provide for an additional day of actual credit. Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant Ramirez.

### DISPOSITION

The judgment for defendant Alvarado is affirmed. The judgment for defendant Ramirez is modified to provide for an additional actual day of presentence custody credit, giving him 344 actual days and 51 conduct days, totaling 395 days of presentence custody credit. As modified, the judgment for defendant Ramirez is affirmed. The trial court is directed to prepare an amended abstract of judgment for defendant Ramirez and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

                                                         MAURO           , J.

We concur:

           NICHOLSON           , Acting P. J.

           ROBIE           , J.